# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 05-20110-02** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **AMIR DAWOODANI** | * | **MAGISTRATE JUDGE HILL** |

## RULING ON MOTION TO SEVER COUNTS

The defendant, Amir Dawoodani (Dawoodani), has filed a motion to sever counts 3 and 4 of the indictment and to sever counts 5-24[1] of the indictment arguing that the joinder of these counts is improper under Rule 8, Fed. R. Crim. P., and, in the alternative, that severance of these counts is required by Rule 14, Fed. R. Crim. P. [rec. doc. 79]. The government opposes the motion, arguing that joinder under Rule 8 is proper and that severance under Rule 14 is not required. [rec. doc. 85]. For the following reasons, the motion is **denied**.

Initially, the defendant argues that a severance of counts 3 and 4 is required because there is no allegation that the offenses charged in those counts are "embraced" by the conspiracy charged in count 1. [rec. doc. 79, p. 1]. Secondly, the defendant argues that since counts 3 and 4 could only be committed by Dawoodani, and could not have been committed by his co-defendants, that these counts should be severed.

Next, the defendant argues that counts 5-24 should be severed because those counts cannot be the object of the conspiracy because they are "personal" to Dawoodani's co-defendants and have no logical relationship to the conspiracy charged in the indictment. The

---

[1] It is unclear why counts 25-27 are not also included in the motion to sever as the arguments for the severance of these counts would seem to be the same as those advanced for the severance of counts 5-24. Count 28 is a forfeiture count.

defendant, Dawoodani, cites no authority in support of his motion.

The government argues that the each defendant and all counts are properly joined under Rule 8. The government agues that the "common link" to all 27 counts in this indictment is this defendant, Amir Dawoodani.[2] Basically, the government's theory is that this defendant, Amir Dawoodani, operated an unlicensed money transmitting business (counts 3 and 4 of the indictment), and that he conspired (count 1) with his co-defendants to operate that business. The government argues that the evidence at trial will show that Dawoodani operated convenience stores in Lake Charles, Lafayette, and Carencro. The government's theory is apparently that the defendant, Dawoodani, "hired" his relatives, co-defendants Karim, Aziz and Rafiq Dawoodani, to work in these stores in return for shelter, food and some cash. Count 2 charges the "harboring" of these co-defendants by Amir Dawoodani. Counts 5-24 charge Dawoodani's co-defendants Karim, Aziz and Fariq with the use of fraudulently obtained social security numbers. According to the government, each of these counts (counts 5-24) relate to banking transactions done by Karim, Aziz and Fariq for this defendant, Amir Dawoodani. The fraudulently obtained social security numbers used by the co-defendants were allegedly used to make it appear that each of the co-defendants was legally in this country, when in fact they were illegally in this country.

The indictment sets out the "Manner and Means" of the conspiracy. That part of the indictment alleges that social security numbers were fraudulently obtained for Aziz, Karim and Rafiq and that these fraudulently obtained social security numbers were used by these co-defendants to conduct banking transactions for the various convenience stores (in which Amir operated his allegedly illegal money transmitting business) owned by Amir Dawoodani. The

---

[2]Count 28 is a forfeiture count.

indictment further alleges that co-defendant Karim entered into a fraudulent marriage in furtherance of the conspiracy.

## LAW AND ANALYSIS

Rule 8 (b) permits the joinder of defendants in an indictment when the defendants are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. There is a preference in the federal system for joint trials of defendants who are indicted together. *United States v. Zafiro*, 113 S.Ct. 933, 937 (1993). Joint trials play a vital role in the criminal justice system. *Id*; *See also United States v. Tarrango*, 396 F.3d 666, 672 (5th Cir. 2005) (there is a preference in the federal system for joint trials of defendants who are indicted together). Joint trials are especially favored in conspiracy cases. *United States v. Solis*, 299 F.3d 420, 440 (5th Cir. 2002) ("persons indicted together should be tried together, especially in conspiracy cases. (internal citation omitted)"), *United States v. Miranda*, 248 F.3d 434, 439 (5th Cir. 2001) (same).

The propriety of joinder is normally determined by looking at the allegations in the indictment. *United States v. Posada-Rios*, 158 F.3d 832, 862 (5th Cir. 1998); *Tarrango*, *supra*, 396 F.3d at 672 (The propriety of joinder will often be assessed by looking to the allegations contained in the indictment).

It is clear that the allegations in this indictment support the joinder of these defendants in a single indictment and support their joint trial. The indictment sets out a scheme in which each defendant had his part to play. Amir Dawoodani owned the convenience stores which provided cover and shelter for his co-defendants and Amir's co-defendants used fraudulently obtained social security numbers to perform banking transactions for Amir's convenience stores,

apparently including banking transactions directly related to the allegedly unlicensed money transmitting business. The argument that Karim, Aziz and Rafiq could not have committed the offenses set out in counts 3 and 4, even if true, would not mean that they could not have conspired with Amir to operate the unlicensed money transmitting business as alleged in those counts. Similarly, even if counts 5-25 are "personal" to Amir's co-defendants, that would not make the allegation that Amir conspired with them to commit those offenses legally unsupportable.[3]

The indictment charges that the these defendants allegedly engaged in the same series of acts and transactions constituting those offenses charged in this indictment. Given the preference in the federal system for joint trials of persons indicted together, especially in conspiracy cases, it is clear that joinder under Rule 8 is proper.

The defendant Dawoodani next argues that severance is required by Rule 14, Fed. R. Crim. P., because of the current climate regarding immigration issues, terrorism and law enforcement. Dawoodani goes on to argue that the recitation at trial of the conduct of Karim, Aziz and Rafiq in independently getting identification cards is extremely prejudicial to Amir since there is no allegation in the indictment that Amir knew of the manner in which the cards were obtained or used. [rec. doc. 79, p. 2]. Initially it should be noted that there is no requirement that the government set out the entirety of its proof in the indictment to permit joinder. Here, however, the government does allege that Amir knew that his co-defendants were in the country illegally. If Amir knew that Karim, Aziz and Rafiq were in the country illegally and knew they

---

[3] In fact, each of these counts are alleged to be an "overt act" in furtherance of the conspiracy. [rec. doc. 22, p. 4].

had social security numbers, it follows that he knew that the numbers had been obtained fraudulently.

Finally, the government's theory is that the fraudulently obtained numbers were used by Karim, Aziz and Rafiq to make banking transactions directly assisting Amir in his business. If so, it is certainly reasonable that Amir knew that Karim, Aziz and Rafiq had fraudulently obtained social security numbers which they used. The undersigned fails to see the prejudice to the defendant Amir Dawoodani in a joint trial.

In any event, the Supreme Court has made it clear that when defendants are properly joined under Rule 8, the district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 113 S.Ct. at 938. No such showing has been made here. At this stage of the proceedings, no such serious risk is present. Should any such risk occur during the trial, a motion can be made at that time and the trial judge can order a severance if one is required by *Zafiro*.

For the above reasons, the motion to sever is **denied**.

Lafayette, Louisiana, March 13, 2006.

C. Michael Hill
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE